### FIRST NAT. BANK OF SAN AUGUSTINE v. MORRIS et al.

#### No. 2944.

Court of Civil Appeals of Texas.

Beaumont.

May 14, 1936.

Minton & Minton, of Hemphill, for appellant.

L. E. King, of Hemphill, for appellees.

O'QUINN, Justice.

Appellant was plaintiff below. Appellees were defendants. Appellant sued appellees, L. N. Morris and A. L. Harper, in the county court of Sabine county, to recover on a promissory note in the sum of $295, and to foreclose a chattel mortgage lien on certain personal property given by L. N. Morris to secure the payment of said note. Appellant alleged the execution of the note by appellees, dated February 21, 1930, payable on or before October 1, 1930, to the order of the First National Bank of Hemphill, Tex., and the execution of the mortgage on certain personal property (setting out the property) by Morris to secure the payment of the note, that said note and mortgage were duly assigned and transferred to it, and that it was the owner and holder of the note, and that same had not been paid. It prayed for judgment for principal, interest, and attorney's fees, and for foreclosure of the mortgage.

Defendant L. N. Morris did not answer. Defendant Harper answered by general demurrer, general denial, and specially "that at an earlier date than this, and at a time when said note sued on was due, and at the time that the security as was put up to secure the debt here sued upon. The defendants tendered and offered to turn over to the plaintiff's predecessor in business, to-wit: the 1st Natl. Bank of Hemphill, the plaintiff's predecessor in business, who then and there held the note sued upon herein and also the holder of the mortgage lien securing said note, and the said plaintiff's predecessor then and there refused to accept the said security as payment for said debt, when in truth and in fact the security tendered and offered to plaintiff's predecessor was worth at that time the amount of the debt and interest due on the note at the time of the tender." "Wherefore, premises considered defendant prays judgment of the court and that he be discharged with his costs." This answer was verified.

Appellant replied to the defendant Harper's answer by general demurrer, various special exceptions, and general denial. The general demurrer and all the special exceptions were overruled, and the case tried to a jury. At the close of the evidence, appellant moved for an instructed verdict, which was refused, and the case submitted to the jury upon two special issues, to wit:

Special issue No. 1: "Do you find from a preponderance of the evidence that the defendants, L. N. Morris and A. L. Harper, executed and delivered the note sued upon to First National Bank of Hemphill?" The jury answered: "Yes."

Special issue No. 2: "If you have answered Question No. 1 'Yes,' then you will answer the following question:

"Has the note sued upon been paid by the defendants?" The jury answered: "Yes."

On the answers of the jury, judgment was rendered for the defendants. Motion for a new trial was overruled. We have the case on appeal.

█ The undisputed facts are: Morris and Harper executed the note. It was dated February 21, 1930, for the sum of $295, payable to First National Bank of Hemphill, Tex., and due October 1, 1930. On the date the note was given, Morris executed and delivered to the bank a chattel mortgage on one mule, three cows, and one steer calf, and on ten acres of cotton and ten acres of corn, said crops of corn and cotton to be grown by Morris during the year 1930, the property mortgaged to secure the payment of the note. The note was transferred to appellant First National Bank of San Augustine, Tex., and was the property of said bank when this suit was instituted, December 15, 1933. The note nor any part of same was ever paid by either of appellees. By agreement of the First National Bank of Hemphill, the then owner and holder of the note, in the fall of 1930, Morris was permitted to use the money the mortgaged cotton brought to pay a hospital bill. When the note fell due, appellees made no payment of any sum for any purpose on the note. Morris told the bank it would have to send down to his place and get the livestock covered by the mortgage, but was told that the bank did not want the stock but wanted the money. About 75 bushels of corn were made on the ten acres mortgaged. It was not tendered to the bank as a payment on the note, but Morris admitted using it himself. The mortgaged stock were not tendered to the bank, that is, not produced by appellees and offered to the bank, in payment on the note. At the time of the trial, June 13, 1935, all of the stock except one cow was dead.

The jury found that appellees executed the note. This is in accord with the evidence. They found that the note had been paid. There is no evidence to support this finding. The note bore 10 per cent. interest from date, February 21, 1930, until paid. It also provided that, if collected by legal proceedings, 10 per cent. of the amount due should be added as collection fees. The court erred in refusing appellant's motion for an instructed verdict. The judgment is reversed, and judgment here rendered for appellant for the amount due on the note, principal, interest, and attorney's fees. As the mortgaged property has ceased to exist, we do not decree a foreclosure of the chattel mortgage, as same would be without results and add useless costs.

Judgment reversed and rendered.